UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | | |
|---|---|---|
| VANCE CALLENDER; <br> BROOKE CALLENDER; DAVID CHIN; <br> ANTHONY DAVIS; JOAN DAVIS; <br> IAN HENDRICKS; NATALIE HENDRICKS; <br> NORDIA HENRY; ALICE HYDE; <br> RAY MAYLOR; TAMARA MUHAMMAD; <br> SEAN OSNER; HANAN CHANNOUM; <br> JOAN SHAW; STEPHEN SHAW-NAAR; <br> LORNA SHELLY-WILLIAMS; <br> TERRENCE WILLIAMS; <br> SHELLINA SKYRME; ANGELA WATES; <br> and RICHARD WATES; <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | § § § § § § § § § § § § § § § § § § § § § | CASE NO. 3:11-cv-02382 |

## **COMPLAINT FOR DAMAGES**

COME NOW, the above-named Plaintiffs complaining of the Defendant, American Airlines, Inc., ("American") as follows:

1. This is a consolidated action for damages brought by passengers ("Passenger Plaintiffs") and each of their respective spouses ("Spouse Plaintiffs") for injuries sustained by the Passenger Plaintiffs in the crash of American Airlines Flight 331 on December 22, 2009 in Kingston, Jamaica ("Subject Flight").

2. The claims for damages alleged by each of the Passenger Plaintiffs and their respective Spouse Plaintiffs exceed Seventy Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney's fees.

3. Jurisdiction and venue are proper in this District pursuant to the Convention for the Unification of Certain Rules Relating to International Transport by Air, S. Treaty Doc. No. 106-45 (2003) ("Montreal Convention") Article 33.

4. Plaintiff Vance Callender was and is a resident of Massena, New York and was a passenger on the Subject Flight.

5. Plaintiff Brooke Callender was and is a resident of Massena, New York and is the lawful spouse of Passenger Plaintiff Vance Callender who was injured on the Subject Flight.

6. Plaintiff David Chin was and is a resident of Portland, Oregon and was a passenger on the Subject Flight.

7. Plaintiff Anthony Davis was and is a resident of Kingston, Jamaica and was a passenger on the Subject Flight.

8. Plaintiff Joan Davis was and is a resident of New York City, New York and is the lawful spouse of Passenger Plaintiff Anthony Davis who was injured on the Subject Flight.

9. Plaintiff Joan Davis was and is a resident of New York City, New York and was a passenger on the Subject Flight.

10. Plaintiff Anthony Davis was and is a resident of Kingston, Jamaica and is the lawful spouse of Passenger Plaintiff Joan Davis who was injured on the Subject Flight.

11. Plaintiff Ian Hendricks was and is a resident of Annapolis, Maryland and was a passenger on the Subject Flight.

12. Plaintiff Natalie Hendricks was and is a resident of Annapolis, Maryland and is the lawful spouse of Passenger Plaintiff Ian Hendricks who was injured on the Subject Flight.

13. Plaintiff Natalie Hendricks was and is a resident of Annapolis, Maryland and was a passenger on the Subject Flight.

14. Plaintiff Ian Hendricks was and is a resident of Annapolis, Maryland and is the lawful spouse of Passenger Plaintiff Natalie Hendricks who was injured on the Subject Flight.

15. Plaintiff Nordia Henry was and is a resident of Waldorf, Maryland and was a passenger on the Subject Flight.

16. Plaintiff Alice Hyde was and is a resident of Kingston, Jamaica and was a passenger on the Subject Flight.

17. Plaintiff Ray Maylor was and is a resident of San Francisco, California and was a passenger on the Subject Flight.

18. Plaintiff Tamara Muhammad was and is a resident of Woodhall Clarendon, Jamaica and was a passenger on the Subject Flight.

19. Plaintiff Sean Osner was and is a resident of Kingston, Jamaica and was a passenger on the Subject Flight.

20. Plaintiff Hanan Channoum was and is a resident of Kingston, Jamaica and is the lawful spouse of Passenger Plaintiff Sean Osner who was injured on the Subject Flight.

21. Plaintiff Joan Shaw was and is a resident of Kingston, Jamaica and was a passenger on the Subject Flight.

22. Plaintiff Stephen Shaw-Naar was and is a resident of Los Angeles, California and was a passenger on the Subject Flight.

23. Plaintiff Lorna Shelly-Williams was and is a resident of St. Catherine, Jamaica and was a passenger on the Subject Flight.

24. Plaintiff Terrence Williams was and is a resident of St. Catherine, Jamaica and is the lawful spouse of Passenger Plaintiff Lorna Shelly-Williams who was injured on the Subject Flight.

25. Plaintiff Shellina Skyrme was and is a resident of the United Kingdom and was a passenger on the Subject Flight.

26. Plaintiff Angela Wates was and is a resident of Annapolis, Maryland and was a passenger on the Subject Flight.

27. Plaintiff Richard Wates was and is a resident of Annapolis, Maryland and is the lawful spouse of Passenger Plaintiff Angela Wates who was injured on the Subject Flight.

28. Defendant American Airlines, Inc. is a corporation duly organized under the laws of the State of Delaware, with its principal place of business in Texas. Service of process may be had upon said Defendant by serving its registered agent for service of process, CT Corporation System, Inc., 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

**FACTS**

29. American is a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled international flights.

30. On December 22, 2009, American operated American Flight 331 ("Flight 331") between Miami, Florida and Kingston, Jamaica.

31. American was the employer of the crew and flight attendants on American Flight 331, from Miami, Florida to Kingston, Jamaica.

32. American was responsible for the actions of the flight crew on Flight 331.

33. On December 22, 2009, the Passenger Plaintiffs were fare-paying passengers on American Flight 331.

34.     During the landing attempt in Kingston, Jamaica, Flight 331 crashed at Norman Manley International Airport in Kingston, injuring the Passenger Plaintiffs and other passengers.

35.     Through no fault of their own the Passenger Plaintiffs were seriously injured. Their injuries include, but are not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses.

36.     The Spouse Plaintiffs were damaged by virtue of serious injuries to their lawful spouses who were passengers on Flight 331.

## CAUSES OF ACTION AGAINST AMERICAN

37.     Defendants signed and incorporated into its tariffs the Montreal Convention to assume unlimited liability for compensatory damages for passenger injury and death caused by an accident within the meaning of Article 17 of the Montreal Convention.  Pursuant to Montreal Convention Article 21(1) American shall not be able to exclude or limit its liability up to 100,000 Special Drawing Rights (SDRs).

38.     Pursuant to Montreal Convention Article 21(2), Defendant is further liable to Plaintiffs for all compensatory damages unless it can prove the damages were solely due to the negligence or wrongful act of a third party.

39.     Defendant's negligence, disregard for passenger safety, and failure to oversee that its agents safely transport passengers proximately caused the accident and Plaintiffs' injuries.

40.     Defendant was at all relevant times a common carrier and owed Plaintiffs the highest degree of care.

41. Defendant breached its duties to Plaintiffs and is strictly liable to Plaintiffs for their full measure of damages.

## DAMAGES

42. As a direct and proximate result of American's conduct, the Passenger Plaintiffs sustained serious personal injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical treatment, other damages, loss of income, and medical expenses which are continuing.

43. As a direct and proximate result of American's conduct, the Spouse Plaintiffs sustained damages as a result of the serious personal injuries sustained by their lawful spouses who were passengers on the Subject Flight.

WHEREFORE, the Plaintiffs collectively demand judgment against American Airlines, Inc. for their full measure of compensatory damages, costs and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues.

DATED this the 14th day of September, 2011.

Respectfully submitted,

**SLACK & DAVIS, L.L.P.**

Michael L. Slack
Texas State Bar No. 18476800
2705 Bee Cave Road, Suite 220
Austin, Texas  78746
Telephone:  (512) 795-8686
Telecopier:  (512) 795-8787
Email:  mslack@slackdavis.com

        SLACK & DAVIS, L.L.P.

        Ladd C. Sanger
        Texas State Bar No. 00797378
        2911 Turtle Creek Boulevard, Suite 1400
        Dallas, Texas  75219
        Telephone:  (214) 528-8686
        Telecopier:  (214) 528-6989
        Email:  lsanger@slackdavis.com


        _/s/ Ladd C. Sanger_____
        **LADD C. SANGER**
        **ATTORNEYS FOR PLAINTIFFS**