IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VANCE CALLENDER, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-2382-B-BN |
| | § | |
| AMERICAN AIRLINES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This civil action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. Intervenor Justine Williams has filed a Motion to Modify the Court's Order of June 8, 2012 [Dkt. No. 52] (the "Motion to Modify") so as to deem her complaint in intervention filed on the date that her motion to intervene [Dkt. No. 41] was granted. For the reasons stated herein, the Court GRANTS Williams's Motion to Modify [Dkt. No. 52].

**Background**

This is an action by Plaintiffs Vance Callender, Brooke Callender, Anthony Davis, Ian Hendricks, Natalie Hendricks, Nordia Henry, Ray Maylor, Tamara Muhammad, Lorna Shelly-Williams, Terrence Williams, Angela Wates, Richard Wates, and Joan Davis against Defendant American Airlines involving injuries to passengers incurred during an international flight. Their action is governed by the Convention for the Unification of Certain Rules Relating to International Carriage by Air, May 28,

1

1999, ICAO Doc. 9740, *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) (the "Montreal Convention").

Plaintiffs filed their complaint on September 14, 2011. On November 30, 2011, Defendant filed a Notice of Suggestion of Bankruptcy. *See* Dkt. No. 23. The Court entered an order staying the proceedings pending the lifting of the automatic stay. *See* Dkt. No. 26. On May 11, 2012, United States Bankruptcy Judge Sean H. Lane ordered the automatic stay lifted as to Williams, pursuant to a Stipulation, Agreement, and Order between Defendant and Williams. *See* Dkt. No. 41-7. On June 5, 2012, Williams filed a motion to intervene in this action, which was unopposed by Defendant.[1] *See* Dkt. No. 41. The Court granted Williams's motion to intervene on June 8, 2012.[2] *See* Dkt. No. 43. Although Williams attached a proposed complaint as an exhibit to the motion to intervene, the proposed complaint in intervention was unsigned. *See* Dkt. No. 41-8. To date, Williams has not filed a complaint in this action.

According to Williams, Defendant informed her on November 29, 2012 that, because Williams failed to separately electronically file her complaint as required by the local rules within 30 days of the Bankruptcy Court's lifting of the automatic stay, she was now time-barred from doing so. Williams then filed a motion on December 19, 2012 asking the Court to modify its June 8, 2012 Order so as to deem her complaint

---

[1] Defendant reserved its right to seek dismissal of Williams's claims on "various grounds." Dkt. No. 41 at 9.

[2] United States Magistrate Judge Jeff Kaplan entered the prior order granting Williams's motion to intervene. Effective November 21, 2012, this civil case was reassigned to the undersigned United States Magistrate Judge David L. Horan pursuant to Special Order 3-290.

in intervention filed on June 8, 2012 and asking the Court for leave to file an amended complaint bearing her counsel's signature. Defendant filed a Response in Opposition to the Motion to Modify, *see* Dkt. Nos. 53 & 54, and Williams filed a reply, *see* Dkt. No. 55. This matter is ripe for determination.

## Legal Standards and Analysis

Pursuant to the ECF Administrative Procedures Manual § III.C (the "ECF Rules"), "[i]f [a party] is granted leave to file a document, [it] must electronically file the document even if it was previously attached as an exhibit to a motion."

Section 108(c) of the Bankruptcy Code provides a 30-day period after the lifting of the automatic stay in which a claimant may assert a claim that is otherwise barred by the statute of limitations. 11 U.S.C. § 108(c). This 30-day period expired for Williams's claim on June 11, 2012.[3]

There is no dispute that – in contravention of the ECF Rules – Williams failed to separately file her proposed complaint in intervention, other than as an attachment to her motion to intervene. There is also no dispute that the statute of limitations for Williams's claim has run. However, Williams argues that her motion to intervene was made within the requisite 30-day period and that, in the Fifth Circuit, the filing of the motion for intervention, and not the later approval of the motion and actual filing of

---

[3] Defendant states that it "disputes [Section 108(c)]'s applicability to Montreal Convention claims" and asserts that Williams's claim has been extinguished under the Montreal Convention. Dkt. No. 54 at 5. Defendant further suggests that it will move to dismiss on this issue if the Court deems Williams's complaint in intervention to be filed. *Id.* at 5 n.5. Because the issue of whether Williams's claim has been extinguished under the Montreal Convention is not now before the Court, the Court takes no position on this issue.

3

the complaint, determines the commencement of the action for purposes of the statute of limitations. The Court agrees.

In *United States ex rel. Canion v. Randall & Blake*, 817 F.2d 1188 (5th Cir. 1987), a subcontractor brought a Miller Act action against a surety and general contractor, alleging that it had not been paid in full. The subcontractor's supplier subsequently moved to intervene and filed a complaint against the same defendants. Although the supplier filed its motion to intervene within the one-year statute of limitations period, the district court did not grant it until fourteen months later, well after the statute of limitations period had expired. On appeal, the defendants argued that the supplier's complaint was untimely because it was filed after the statute of limitations period. *Id.* at 1192. The Fifth Circuit held that "the filing of the motion for intervention, and not the later approval of the motion and actual filing of the complaint, determines the commencement of the action for purposes of the statute of limitations." *Id.*

Although Defendant correctly points out that, in *Randall & Blake,* the district court, rather than the party moving to intervene, was responsible for the untimeliness of the complaint, the Fifth Circuit did not limit its holding to such situations, and no other controlling case law suggests such a limitation.

Moreover, the Court has discretion to correct clerical errors when necessary to prevent a miscarriage of justice, *Coppedge v. K.B.I., Inc.*, No. 9:05-cv-162, 2007 WL 1791717, *4 (E.D.Tex. June 19, 2007), and the enforcement of clerical requirements set forth by local rules should not affect a party's substantive rights, *McClellon v. Lone*

*Star Gas Go.*, 66 F.3d 98, 101 n.1 (5th Cir. 1995). The Court also has the power to modify interlocutory orders at any time prior to final judgment. *See Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970); *Braxton v. Virginia Folding Box Co.*, 72 F.R.D. 124, 127 (E.D. Va. 1976) (entering an order *nunc pro tunc* so that plaintiff's complaint would be timely, where it had previously filed a timely motion to intervene).

Here, Williams's error in failing to file her complaint in intervention was both clerical and inadvertent in nature. *See, e.g.*, *Coppedge v. K.B.I., Inc.*, 2007 WL 1791717 at *4 (failure to separately re-file amended complaint, which was submitted as an exhibit to motion for leave to amend, was mere clerical error). Indeed, Williams's motion to intervene was unopposed by Defendant, Dkt. 41, and the motion to intervene was granted, Dkt. No. 43.

Finally, Defendant argues that deeming Williams's complaint filed as of June 8, 2012 will unfairly prejudice it and harm its interests. Defendant cites three ways in which it will be prejudiced should the complaint in intervention be deemed filed; however, none is persuasive. First, although Defendant cites the fact that Williams has not served initial disclosures as an example of Williams's failure to take part in the proceedings, *see* Dkt. No. 54 at 12, Williams demonstrated in her reply brief that initial disclosures were in fact served on Defendant, Dkt. 55-1, albeit prior to the filing of the motion to intervene. Second, Defendant notes that Williams has not designated any expert witnesses, and the deadline for doing so has now passed. *See* Dkt. No. 54 at 12. However, Defendant has other remedies available to protect its interest, such as

5

seeking to preclude Williams from offering expert testimony for failing to comply with discovery obligations. (By making this observation, the Court is not stating any opinion on how it would rule on such a request.) Finally, Defendant states that the parties have stipulated to March 15, 2013 as the deadline to complete discovery, and Defendant has not had an opportunity to conduct discovery on Williams's claims. The Court observes that Williams and Plaintiffs are represented by the same counsel, and that Defendant can seek to extend the discovery deadline as to Williams's claims, either by stipulation or application to the Court. Moreover, as Defendant chose to wait until November 29, 2012 to inform Williams that it did not consider her to be a party to the case, Defendant's lack of opportunity appears to be, at least in part, of its own making.

## Conclusion

Accordingly, Williams's Opposed Motion to Modify the Court's Order of June 8, 2012 [Dkt. No. 52] is GRANTED. William's complaint in intervention is deemed filed as of June 8, 2012. In addition, Williams must file her amended complaint in intervention bearing her counsel's signature by **February 4, 2013**.

SO ORDERED.

DATED: January 30, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE